IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| JORGE ANTONIO GUERRA QUEZADA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Civil Action No. 3:24-CV-00564-L |

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE AND REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S SURREPLY TO DEFENDANTS' MOTION TO DISMISS**

Despite filing a belated motion for leave (which apparently is meant to serve as a response to Defendants' motion to strike his improperly filed surreply), Plaintiff Jorge Antonio Guerra Quezada ("Quezada") has failed to explain why he is entitled to the extraordinary—and rare—relief of filing a surreply to Defendants' motion to dismiss. For the following reasons, and those in Defendants' motion to strike Quezada's surreply, Defendants request that the Court decline to consider Quezada's surreply and strike it from the docket.

    **A.    Quezada fails to address his failure to seek leave until over a month after filing his surreply.**

In moving to strike Quezada's surreply, Defendants noted Quezada failed to seek leave before filing his surreply in violation of Local Rule 7.1. (*See* Doc. 19, at 2.) And at the time of Defendants' motion, Quezada still had not sought (nor obtained) leave.

Quezada later moved for leave on August 8, 2024—38 days after filing his surreply. (Doc. 14.) Without leave to do so, he combined this motion for leave with his response to Defendants' motion to strike the surreply.[1]  (*Id.*) He fails to provide any explanation for this lengthy delay or make any argument as to why this delay should be excused. Instead, he only states that the pertinent local rule came to his attention after filing his surreply. (*Id.* at 2.) The failure to seek the required leave initially and the subsequent lengthy delay in correcting the error together justify striking Quezada's surreply from the docket.

### B. Even if he had timely moved for leave, Quezada cannot show exceptional or extraordinary circumstances justifying his surreply.

Surreplies are highly disfavored in this district and are permitted only in exceptional or extraordinary circumstances. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). This is because surreplies "usually are a strategic effort by the nonmovant to have the last word on a matter." *Id*. To meet its burden to show such unusual circumstances exist, a party seeking leave to file a surreply must identify new issues, theories, or arguments that the movant raised for the first time in its reply brief or demonstrate that the movant attempted to present new evidence at the reply stage. *See Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) (citing *Lacher*, 147 F. Supp. 2d at 539–40).

---

[1] By doing so, Quezada gave himself *another* opportunity to get in the last word, despite not being the original movant on the matter. Instead of simply filing a response to Defendants' motion to strike, Quezada's maneuver now means he can file a reply in support of his motion for leave to file the surreply, having one last opportunity after Defendants' motion is fully briefed to argue for his position again.

**Defendants' Consolidated Response to Plaintiff's Motion for Leave
and Reply in Support of Their Motion to Strike Plaintiff's Surreply – Page 2**

It is essentially undisputed that the government's reply did not advance new issues, theories, arguments, or evidence. To be sure, to establish exceptional or extraordinary circumstances, Quezada asserts Defendants' reply raised new arguments and legal theories. But the only allegedly new argument he points to is Defendants' "claim that Plaintiff's response 'misconstrues the scope of . . . exceptions as well as Defendants' arguments' relating to the intentional-tort and discretionary-function exceptions to the FTCA [Federal Tort Claims Act]."[2] (Doc. 20, at 3.) Defendants' argument is a direct reply to Quezada's legal arguments on the exceptions to the FTCA's limited waiver of sovereign immunity invoked by Defendants in the original motion to dismiss. Quezada goes on to state that he "[n]aturally . . . seeks an opportunity to explain why [his] arguments properly construe the scope of these two exceptions." (*Id.* at 3.) But Quezada's stated desire for the last word only demonstrates his lack of exceptional or extraordinary circumstances. *See Lacher*, 147 F. Supp. 2d at 539.

In their motion to dismiss, Defendants argued the Court lacks subject-matter jurisdiction over Quezada's FTCA claims as they are barred by the explicit language of 8

---

[2] Quezada also argues the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, decided after Defendants' reply was filed, is relevant to the disposition of the issues regarding the discretionary-function exception to the FTCA. 603 U.S. ____, 144 S.Ct. 2244, (2024) (slip op.). But *Loper Bright* has no applicability here. *Loper Bright* involved claims under the Administrative Procedure Act (APA), a completely separate—and very different—statutory scheme from the FTCA. *Loper Bright*, 144 S.Ct. at 2247. The *Loper Bright* decision related to how federal courts must interpret ambiguous statues under the APA. *Id*. at 2273. In contrast, the discretionary-function exception to the FTCA is an explicit statutory limitation on Congress's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(a). Quezada's argument that *Loper Bright*'s guidance on statutory construction in APA cases vitiates an express exception to the waiver of sovereign immunity in FTCA cases is wholly unsupported.

**Defendants' Consolidated Response to Plaintiff's Motion for Leave
and Reply in Support of Their Motion to Strike Plaintiff's Surreply – Page 3**

U.S.C. § 1252(g), the United States is the only proper defendant in an FTCA action, Quezada's FTCA claims are barred by sovereign immunity, and he has not cited any other statute that provides an independent basis for jurisdiction over his non-FTCA claims. (Doc. 10, at 7–21.) Defendants' reply does not raise any additional grounds for dismissal or present any new evidence. Instead, it simply replies to each argument raised by Quezada in his response to the motion to dismiss. (*Id.* at 2–10.) Quezada therefore cannot show exceptional or extraordinary circumstances necessitate a surreply.

  **C.**  **If the Court grants Quezada's motion for leave, Defendants should be allowed to respond to Quezada's surreply.**

  Alternatively, given the concerns that Quezada is using this surreply to have the last word on the issue, if the Court grants Quezada's motion for leave to file a surreply, Defendants request an opportunity to file a response to the surreply within 14 days. *See, e.g., BHI Energy I Power Servs., LLC v. KVP Energy Servs., LLC*, No. 3:22-CV-1981-L, 2023 WL 223179, at *3 (N.D. Tex. Jan. 17, 2023) (explaining that when a movant has produced new materials in a reply, the new materials should either be stricken or the nonmovant given an opportunity to respond to the new materials "followed by an additional reply brief by the movant"); *In re Life Partners Holdings, Inc.*, No. 4:19-CV-497-O, 2020 WL 13561598, at *2 (N.D. Tex. Apr. 24, 2020) (granting the defendants' motion for leave to file surreply and allowing the plaintiffs to file a response to the surreply).

  **D.**  **Conclusion**

  "[S]urreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v.*

*ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (quoting *Weems*, 2011 WL 2731263, at *1).  As Quezada has not provided any explanation for his failure to seek the required leave to file his surreply and cannot demonstrate any exceptional or extraordinary circumstances exist that necessitate a surreply, Defendants request that Quezada's surreply in opposition to Defendants' motion to dismiss be stricken from the docket.

                              Respectfully submitted,

                              LEIGHA SIMONTON
                              UNITED STATES ATTORNEY

                              */s/ Sarah E. Delaney*
                              Sarah E. Delaney
                                  Arizona Bar No. 031722
                              Emily H. Owen
                                  Texas Bar No. 24116865
                              Assistant United States Attorneys
                              1100 Commerce Street, Third Floor
                              Dallas, Texas 75242-1699
                              Telephone:   214-659-8600
                              Facsimile:   214-659-8807
                              sarah.delaney@usdoj.gov
                              emily.owen@usdoj.gov

                              Attorneys for Defendants United States of America, Secretary of Homeland Security Alejandro Mayorkas (in his official capacity), Deputy Director and Senior Official Performing the Duties of Director of U.S. Immigration and Customs Enforcement Patrick J. Lechleitner (in his official capacity), and Attorney General Merrick Garland (in his official capacity)

## CERTIFICATE OF SERVICE

On August 22, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney