IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JORGE ANTONIO GUERRA QUEZADA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-564-L** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **et. al.,** | § | |
| Defendants. | § | |

# ORDER

On January 29, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 26) was entered, recommending that the court **grant** Defendants' Motion to Dismiss ("Motion") (Doc. 10). The magistrate judge determined that Plaintiff Jorge Antonio Guerra Quezada's ("Mr. Guerra Quezada" or "Plaintiff") claims against Defendants United States of America; Alejandro Mayorkas, Former Secretary of Homeland Security; Tae Johnson, Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Merrick Garland, Former U.S. Attorney General; and ICE Officer John Doe(s), in their various official capacities (collectively, "Defendants") should be **dismissed without prejudice** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). On February 12, 2025, Mr. Guerra Quezada filed Plaintiff's Objections to Magistrate's Findings, Conclusions and Recommendation Regarding Defendants' Motion to Dismiss ("Objections") (Doc. 27).

The court, after considering the Report, Complaint, Motion, record, and applicable law, **concludes** that the findings and conclusions of the magistrate judge are correct, and they are **accepted** as those of the court.

Order – Page 1

I.      Report

Plaintiff contends that Defendants, in their various official capacities, wrongfully detained and deported him from the United States and improperly failed to consider his claims to United States citizenship during his removal proceedings. Report 1. The magistrate judge determined that Mr. Guerra Quezada was born in Tamaulipas, Mexico, on February 15, 1993, and is a Mexican national, but he was admitted to the United States as a lawful permanent resident with F27 status in February 2005. *Id.* at 1-2 (citations omitted). In January 2021, Plaintiff was convicted for Online Solicitation of Minor Sexual Conduct in violation of § 33.021(c) of the Texas Penal Code. *Id.* at 2 (citations omitted). Magistrate Judge Toliver determined that "[b]ased on that conviction, the Department of Homeland Security ("DHS") initiated removal proceedings against Plaintiff under § 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA") by issuing a Notice to Appear ("NTA")." *Id.* (citing Docs. 1-4, 1-8; 8 U.S.C. § 1227).

Plaintiff filed this action in June 2024 and "sued Defendants seeking monetary, declaratory, injunctive, and mandamus relief, bringing ten claims with causes of action arising under, inter alia, (1) the Federal Tort Claims Act ("FTCA"); (2) the All Writs Act; (3) and the Mandamus Act." Report 3 (citations omitted). Defendants move for dismissal because they contend that the court lacks subject matter jurisdiction pursuant to 8 U.S.C. § 1252(g). The magistrate judge held that she "can only determine whether it has subject matter jurisdiction by first resolving the question of whether Plaintiff is a United States citizen or an alien." Report 6 (citation omitted). Magistrate Judge Toliver determined that Plaintiff is an alien and not a citizen of the United States. *Id.* at 7.

Further, the magistrate judge determined that because Plaintiff's substantive claims "directly arise 'from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against' him," his claims are precluded. Report 10 (citing 8 U.S.C. § 1252(g)). Magistrate Judge Toliver held that as it relates to Plaintiff's "non-FTCA claims for mandamus, injunctive, and declaratory relief are not stand-alone claims, but seek relief contingent upon the assertion of a valid substantive cause of action." *Id.* at 11. As a result, the magistrate judge determined that the court should grant Defendants' Motion to Dismiss and dismiss this action without prejudice because the court does not have subject matter jurisdiction.

## II.   Plaintiff's Objections

In his Objections, Plaintiff contends that the magistrate judge erroneously concluded that he is not a United States citizen because she did not apply the doctrine of constructive physical presence. Doc. 27 at 5. Mr. Guerra Quezada argues that the doctrine of constructive physical presence "acknowledges that where an individual's ability to meet technical residency requirements has been frustrated by circumstances beyond their control, fairness dictates that they not be penalized for that which they could not remedy." *Id.* at 6. Further, he contends that the magistrate judge failed to "acknowledge the role of constructive presence in USCIS's adjudication of Plaintiff's case, nor did the Magistrate assess whether Plaintiff's reliance (and, by extension, USCIS's reliance) on this doctrine was misplaced." *Id.* at 7.

Second, Plaintiff objects to the magistrate's factual determination "that the reason that USCIS approved his Form N-600 application requesting a certificate of U.S. Citizenship is because the agency simply made an error that it later corrected." *Id.* at 8 (citation omitted). Further, Plaintiff argues that "USCIS approved the citizenship claim of every other member of

the Guerra family, except in the case of those who later brought federal litigation, such as to seek monetary damages under the Federal Tort Claims Act." *Id.* at 9. Moreover, Mr. Guerra Quezada contends that because "USCIS has not alleged that Plaintiff's father has acted 'illegally or fraudulently' to obtain a certificate of U.S. citizenship," the court should reject the magistrate judge's conclusion. *Id.*

Third, Plaintiff "objects that the FCR improperly focused on whether Plaintiff's claims arose from the actions of the Attorney General related to removal proceedings and relied on 8 U.S.C. § 1252(g) to dismiss Plaintiff's case." *Id.* at 10. Mr. Guerra Quezada argues that if the court finds that he is a United States citizen, the jurisdictional bars under § 1252(g) do not apply. *Id.* Plaintiff contends that "[b]y dismissing Plaintiff's claims without addressing the central issue of his U.S. citizenship, the FCR contravenes fundamental due process principles and wrongly deprives Plaintiff of a meaningful opportunity to challenge the government's actions." *Id.* Further, he objects because he contends that "the FCR likewise errs insofar as it overlooks that even litigants who are not United States Citizens may nonetheless obtain judicial review of their claims in federal court, as long as the claims present "constitutional claims or questions of law." *Id.* at 11.

Finally, Plaintiff "objects that the FCR's recommendation to dismiss this case portends severe policy consequences, as it would suggest the elimination of judicial oversight in cases alleging wrongful detention and removal cases involving U.S. citizens, simply because the citizen has been placed into removal proceedings." *Id.* Plaintiff argues that the "timing for adopting such a brash interpretation of this statute comes at a time when the Trump administration's recent immigration enforcement actions have already resulted in numerous wrongful arrests of U.S. citizens." *Id.* Because Plaintiff contends that this "case is not just about

one man's citizenship—it is about the integrity of the rule of law and whether the government can continue to arbitrarily strip U.S. citizens of their rights without due process, without legal justification, and without recourse," he requests that the court reject the Report and allow his case to proceed. *Id.* at 12.

Because jurisdiction is a threshold matter, the court must determine whether it has subject matter jurisdiction; however, before it can determine subject matter jurisdiction, it must first determine whether Mr. Guerra Quezada is an American citizen. *See* of 8 U.S.C. § 1252(g). If Plaintiff had been born in the United States, this inquiry would be simple, but because he was not, the court must look at his family lineage. *See Garza-Flores v. Mayorkas*, 38 F.4th 440, 442 (5th Cir. 2022) ("You [are] a U.S. citizen—and have been from the moment you were born—if you were born in the United States and subject to U.S. jurisdiction.") (citing 8 U.S.C. § 1401(a)). Because Plaintiff was born outside of the United States, he may establish a citizenship claim in one of two ways: (1) he can "affirmatively seek proof of citizenship by filing an application for a certificate of citizenship under 8 U.S.C. § 1452(a)"; or (2) he can assert "citizenship defensively, in response to removal proceedings, and if denied, file a petition for review in a court of appeals under 8 U.S.C. § 1252(b)." *Garza-Flores*, 38 F.4th at 442. Plaintiff is attempting to establish his citizenship in the second way.

Because Plaintiff is not disputing that the applicable law for determining his citizenship is the statute in effect at the time he was born, the court relies on the magistrate judge's analysis of 8 U.S.C. § 1401(g), which is the applicable law. Report 7 (citing 8 U.S.C. § 1401(g)). During Plaintiff's year of birth (1993), 8 U.S.C. § 1401(g), in relevant part, provided that

> [A] person born outside the geographical limits of the United States and its outlying possessions of parents[,] one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not

>less than five years, at least two of which were after attaining the age of fourteen years . . . .

8 U.S.C. § 1401(g) (codifying § 301(g) of the INA, as amended in 1986). To establish his citizenship, Plaintiff must show that, at the time of his birth in 1993, his father had satisfied the physical presence requirement. Plaintiff must show that his father was physically present in the United States for a period "totaling not less than ten years, at least five of which were after attaining the age of fourteen years." 8 U.S.C. § 1401(g). The magistrate judge determined that Plaintiff alleged sufficient facts for her to determine that Plaintiff's great-grandmother and grandfather were United States citizens. Report 9. Because Plaintiff's great-grandmother and grandfather's citizenship is not in dispute, the court must determine whether Plaintiff's father obtained United States citizenship and if Plaintiff, through his father, obtained citizenship.

In support of his citizenship claims, Plaintiff provides an affidavit from his grandfather, Antonio Guerra Rodriquez. Doc. 1-6. In his affidavit, Plaintiff's grandfather states that he moved to California sometime in the early 1970s and stayed there until his father's death in 1975. *Id.* at 2. Plaintiff's father, however, was born in Tamaulipas, Mexico, in September 1972. Doc. 1 at 8. Because Plaintiff's grandfather was in Mexico in 1972 and left California in 1975, he could not have been present in the United States for at least five years before Plaintiff's father was born, as required by Section 1401(g). As a result, the court determines that Plaintiff's father did not obtain United States citizenship at birth. Thus, Plaintiff did not obtain citizenship at birth and is not a United States citizen.

After carefully considering Plaintiff's objections and conducting a *de novo* review of the magistrate judge's thorough and well-reasoned findings and recommendation, the court agrees with the magistrate judge's determination that Mr. Guerra Quezada is not a United States citizen,

and the court lacks subject matter jurisdiction to hear his claims. The court, therefore, **overrules** Plaintiff's Objections.

### III. Conclusion

After considering the Report, Complaint, Motion, record, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendants' Motion to Dismiss (Doc. 10) and **dismisses without prejudice** this action pursuant to Rule 12(b)(1).

**It is so ordered** this 14th day of February, 2025.

Sam A. Lindsay
United States District Judge